## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **CINCOM SYSTEMS, INC.** <br> 55 Merchant Street <br> Cincinnati, OH 45246 <br><br> Plaintiff, <br><br> -v- <br><br> **LABWARE, INC.** <br> 3 Mill Road, Suite 102 <br> Wilmington, DE 19806 <br><br> *Registered Agent:* <br> **COGENCY GLOBAL INC.** <br> 3958-D Brown Park Drive <br> Hilliard, OH 45026 <br><br> Defendant. | Case No. __1:20-cv-83__ <br><br> (Judge _____) <br><br> **COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF** <br><br> **JURY DEMAND** |

Plaintiff Cincom Systems, Inc. ("Cincom"), by and through its attorneys, for its Complaint against Defendant LabWare, Inc. ("LabWare"), hereby alleges as follows:

### PARTIES AND JURISDICTION

1. Plaintiff Cincom Systems, Inc. is an Ohio corporation with its principal place of business located at 55 Merchant Street, Cincinnati, Ohio 45246.

2. Defendant LabWare, Inc. is a Delaware corporation with its principal place of business located at 3 Mill Road, Suite 102, Wilmington, Delaware 19806.

3. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00 and is between corporate citizens of different states.

4. Jurisdiction is also proper in this Court under 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction over Cincom's state law claims under 28 U.S.C. § 1367, and jurisdiction is proper under Title 17 of the United States Code, §§ 101 *et seq.* governing

1

copyrights.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. Personal Jurisdiction is appropriate as to LabWare because it does business within this judicial district and is licensed as a foreign corporation registered with the Ohio Secretary of State to do business in the State of Ohio.

## STATEMENT OF FACTS

7. Plaintiff Cincom is a software development company delivering call center software solutions, and licensing and support of manufacturing business control systems and software, database management systems, application development tools and office automation application products.

8. In 1999, Cincom entered into an Asset Purchase Agreement ("APA") with ObjectShare, Inc. ("ObjectShare"), whereby ObjectShare sold, conveyed, transferred, assigned and delivered to Cincom all of ObjectShare's business relating to a software program called Smalltalk/V / Visual Smalltalk / Visual Smalltalk Enterprise ("VSE Software" or "Software").

9. As part of the APA, ObjectShare transferred to Cincom all of its rights and interests in the VSE Software under its 1999 Software License Agreement ("SLA") with Seagull Software Systems, Inc. (A copy of SLA is attached hereto as **Exhibit A**.) [1]  That transfer gave Cincom the exclusive and perpetual right to "on an **exclusive basis**, (a) market and license the Software directly and indirectly through distributors to third party end-users for the express purpose of building Smalltalk-based applications . . . ." (*Id.* (emphasis added).)

---

[1] The SLA allowed ObjectShare to freely transfer its exclusive license to Cincom without Seagull's prior consent because Cincom was an "entity to which [ObjectShare] transfer[ed] its business relating to the Software." (*Id.* at § 8.).

2

10. As a result, since 1999, Cincom has owned the exclusive right to market, license and distribute the VSE Software to third parties worldwide.

11. Upon information and belief, sometime after 1999 when Cincom purchased the exclusive license for the VSE Software, LabWare developed various application products that used the VSE Software. Specifically, LabWare used the VSE Software to develop and implement its LIMS product, as well as other application products.

12. LabWare never requested written permission—and Cincom never gave LabWare written permission—to use Cincom's exclusive license of the VSE Software or to use, develop, market, or distribute products containing the VSE Software in any way.

13. As a result, and upon information and belief, LabWare has improperly used the VSE Software, and has illegally used, marketed, licensed, developed, and distributed products that contain the VSE Software. In addition, LabWare has improperly provided maintenance and support to third party users of the VSE Software.

14. Cincom discovered LabWare's improper conduct in August 2019 while attending the European Smalltalk User Group ("ESUG") in Germany. At the ESUG, LabWare presented its LIMS application products and stated during a short demonstration that the products used the VSE Software. In addition, Cincom has examined approximately 5,000 lines of code from LabWare's LIMS products (version 7.0) and confirmed that it improperly contains the unlicensed VSE Software.

15. Upon discovering LabWare's improper use, licensing, marketing, development, distribution, and maintenance/support of the VSE Software, Cincom contacted LabWare and gave notice of LabWare's improper conduct.

16. Since providing LabWare with notice of its misconduct, Cincom has made

numerous attempts to resolve this matter with LabWare—but to date, Cincom has been unsuccessful in resolving this matter.

17. As of the date of this filing, LabWare continues to illegally use, market and distribute the VSE Software.

## COUNT ONE
### (Copyright Infringement under 17 U.S.C. §§ 101, *et seq*.)

18. Cincom realleges and reasserts the allegations contained in paragraphs 1 through 17 of this Complaint, as if fully rewritten herein.

19. LabWare has infringed Cincom's copyright interests in and relating to the VSE Software by using, marketing, licensing, developing, distributing products—and providing maintenance and support for products—that contain the VSE Software, including but not limited to LabWare's LIMS application products.

20. Specifically, LabWare's improper use, marketing, licensing, development, distribution, and maintenance/support of the VSE Software was not licensed or in any way authorized by Cincom. LabWare's actions constitute a copyright infringement as it violates the exclusive rights of Cincom, as the exclusive licensee of the VSE Software, to control the marketing, distribution and use of the proprietary and copyrighted VSE Software.

21. LabWare has infringed and is infringing Cincom's exclusive rights in the proprietary and copyrighted VSE Software by using, marketing and distributing the software without any kind of license or permission from Cincom, the exclusive licensee of the VSE Software.

22. LabWare's copyright infringement is intentional and willful as LabWare is fully aware that it did not and does not own the VSE Software and it is fully aware that it has never had any kind of license or permission from Cincom to use the VSE Software.

23. LabWare's ongoing copyright infringement is intentional and willful as Cincom brought this matter to the attention of LabWare in September 2019, and despite the repeated attempts of Cincom to resolve this matter, LabWare has refused to stop their infringing and unauthorized use of the VSE Software. Labware has failed to make any kind of reasonable concessions of any kind, all while continuing to use and to infringe on Cincom's exclusive license of the VSE Software.

24. As a result of the LabWare's acts of copyright infringement, Cincom has sustained damages in an amount to be proven at trial, but believed to be in excess of seventy-five thousand dollars ($75,000.00). Cincom continues to sustain damages on an ongoing basis due to LabWare's continuing acts of copyright infringement.

25. In addition, LabWare's use the VSE Software without a license from Cincom—both before and after receiving notice from Cincom—constitutes willful and intentional copyright infringement, entitling Cincom to attorneys' fees under 17 U.S.C. § 505.

26. At all times relevant to this dispute, Cincom has taken all steps necessary to protect its exclusive license of the VSE Software.

## COUNT TWO
### (Misappropriation of Trade Secrets under the Ohio Uniform Trade Secrets Act)

27. Cincom realleges and reasserts the allegations contained in paragraphs 1 through 26 of this Complaint as if fully rewritten herein.

28. Cincom's VSE Software contains information and intellectual property that is not generally known to the public or to other persons who can obtain their secrecy, derives independent economic value from its disclosure or use, is the subject of efforts by Cincom to maintain its secrecy, and derives independent economic value from not being generally known. Therefore, the VSE Software constitutes a "trade secret" under the Ohio Uniform Trade Secrets

Act, O.R.C. §§ 1333.61, *et seq.*

29. LabWare has misappropriated Cincom's VSE Software by acquiring, using, marketing, licensing, and distributing the VSE Software when LabWare knew or should have known that it was using the VSE Software without a license and without any authorization from Cincom. In addition, LabWare has included VSE in a derivative open source product that it has made publicly available on the internet.

30. By using Cincom's VSE Software, LabWare has exercised wrongful control and dominion over Cincom's exclusive license over the proprietary and copyrighted VSE Software in a manner that is wholly inconsistent with Cincom's rights and which foreclose Cincom's ability to control and license the VSE Software as it sees fit.

31. As a result of the LabWare's misappropriation of the VSE Software, Cincom has sustained damages in an amount to be proven at trial, but believed to be in excess of seventy-five thousand dollars ($75,000.00). Cincom continues to sustain damages on an ongoing basis due to LabWare's continued misappropriation of the VSE Software.

## COUNT THREE
**(Conversion)**

32. Cincom realleges and reasserts that allegations contained in paragraphs 1 through 31 of this Complaint, as if fully rewritten herein.

33. LabWare is liable to Cincom for the wrongful conversion of the proprietary and copyrighted VSE Software, for which Cincom holds an exclusive license.

34. LabWare's actions in unlawfully using, marketing, licensing, and distributing the VSE Software constitutes a wrongful exercise of dominion and control over Cincom's exclusive license over the proprietary and copyrighted VSE Software in a manner that is wholly inconsistent with Cincom's rights, and which forecloses Cincom's ability to control and license

the VSE Software as it sees fit.

35. As a result of the LabWare's conversion of the VSE Software, Cincom has sustained damages in an amount to be proven at trial, but believed to be in excess of seventy-five thousand dollars ($75,000.00). Cincom continues to sustain damages on an ongoing basis due to LabWare's continued conversion of the VSE Software.

### COUNT FOUR
**(Unjust Enrichment)**

36. Cincom realleges and reasserts the allegations contained in paragraphs 1 through 35 of this Complaint, as if fully rewritten herein.

37. LabWare has been unjustly enriched by its prior, continuous and ongoing use of the VSE Software without a license and without paying Cincom a corresponding license fee (or any fee whatsoever) for its use, marketing and distribution of the VSE Software for itself.

38. As a result of LabWare's unjust enrichment in using and enjoying the benefits of the VSE Software without paying any corresponding license fees, Cincom has sustained damages in an amount to be proven at trial, but believed to be in excess of seventy-five thousand dollars ($75,000.00). Cincom continues to sustain damages on an ongoing basis due to LabWare's continued unauthorized and illegal use and enjoyment of the VSE Software

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cincom Systems, Inc. requests that this Court enter judgment in its favor and award the following relief:

> (a) Under Count One, award Cincom actual and compensatory damages in an amount to be proven at trial incurred as a result of LabWare's copyright infringement of the VSE Software;

(b)     Under Count Two, award Cincom actual and compensatory damages in an amount to be proven at trial incurred as a result of LabWare's misappropriation of the VSE Software;

(c)     Under Count Three, award Cincom actual and compensatory damages in an amount to be proven at trial incurred as a result of LabWare's conversion of the VSE Software;

(d)     Under Count Four, award Cincom actual and compensatory damages in an amount to be proven at trial incurred as a result of LabWare's unjust enrichment for its use of the VSE Software;

(e)     On all Counts, award Cincom any profits realized by LabWare gained through its unauthorized use of the VSE Software;

(f)     On all Counts, issue a preliminary or permanent injunction, and other temporary or equitable relief, barring LabWare from (i) continuing to use the VSE Software without a license from Cincom and (ii) continuing to market, license, and distribute to third parties and the general public without a license from Cincom;

(g)     On all Counts, award Cincom its costs and attorneys' fees in pursuing this action; and

(h)     On all Counts, award Cincom any and all other relief that this Court deems just and proper.

Respectfully submitted,

*Joseph M. Callow, Jr.*
Joseph M. Callow, Jr. (0061814)
Collin L. Ryan (0095810)
KEATING MUETHING & KLEKAMP PLL
One East Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 579-6400
Fax: (513) 579-6457

*Attorneys for Plaintiff, Cincom Systems, Inc.*

## JURY DEMAND

Plaintiff demands a trial by jury.

*Joseph M. Callow, Jr.*
Joseph M. Callow, Jr. (0061814)

9670135.4