**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| CINCOM SYSTEMS, INC., | : | Case No. 1:20-cv-83 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| LABWARE, INC., | : | |
| | : | |
| Defendant. | : | |

_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S**
**MOTION TO DISMISS (Doc. 6)**
_____

This case is before the Court on Defendant's Motion to Dismiss Plaintiff's

Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (Doc. 6.)

Plaintiff has filed a Response in Opposition (Doc. 10), Defendant has filed a Reply (Doc.

11), and Plaintiff has filed a Surreply (Doc. 12-1), making this matter ripe for review.

**FACTS**

Plaintiff Cincom, a software development company, is suing Defendant LabWare

for allegedly using Cincom's proprietary and exclusively licensed software without a

valid license agreement and without paying any licensing fee. Cincom alleges as

follows, all of which is taken as true for purposes of this motion.

In 1999, Cincom acquired a copyrighted software program from another

developer, ObjectShare, Inc., called "Smalltalk/V / Visual Smalltalk / Visual Smalltalk

Enterprise" ("VSE Software" or "Software"). That acquisition gave Cincom the

exclusive and perpetual right to "market and license the Software directly and

indirectly through distributors to third party end-users for the express purpose of

building Smalltalk-based applications[.]" (Doc. 1 at ¶ 9.) In other words, while

ObjectShare, Inc., owns the VSE Software and its copyright, Cincom has an exclusive

license to market, license, and distribute it to third parties.

Sometime thereafter, LabWare began allegedly using the VSE Software without

authorization. Cincom became aware of this in August 2019 when LabWare gave a

short demonstration on one of its products (the LIMS application) during a conference

in Germany. With Cincom in attendance, LabWare stated that its product used VSE

Software. Afterwards, Cincom examined LabWare's product and confirmed that it

contained unlicensed VSE Software. Cincom notified LabWare of its improper use and

made numerous unsuccessful attempts to resolve the matter.

So, in January 2020, Cincom filed the present lawsuit, alleging four causes of

action against LabWare: **Count I** for copyright infringement under 17 U.S.C. §§ 101, *et

seq.*; **Count II** for misappropriation of trade secrets under Ohio's Uniform Trade Secrets

Act ("OUTSA"); **Count III** for common-law conversion; and **Count IV** for common-law

unjust enrichment. LabWare now moves to dismiss all four claims.

## LAW

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court accepts

all allegations of material fact as true and construes them in the light most favorable to

the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). To

survive, the complaint must contain "sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

(quoting *Twombly*, 550 U.S. at 556).

When making this determination, the court may consider the "complaint and

any exhibits attached thereto, public records, items appearing in the record of the case

and exhibits attached to the defendant's motion to dismiss, so long as they are referred

to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l*

*Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

### I.    Count I:  Copyright Infringement

To succeed on a copyright infringement claim, a plaintiff must establish: "(1)

ownership of a valid copyright, and (2) copying of constituent elements of the work that

are original." *ECIMOS, LLC v. Carrier Corp.*, 971 F.3d 616, 627–28 (6th Cir. 2020) (*quoting*

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  Moreover, outside of

statutory exceptions not applicable here, 17 U.S.C. § 411(a) bars a copyright owner from

suing for infringement until "registration. . . has been made." 17 U.S.C. § 411(a).

LabWare contends that Cincom's copyright infringement claim fails to establish

the first prong—that a valid copyright exists—because Cincom's Complaint never

specifically alleges that the underlying copyright was ever registered, as required by §

411(a). As such, LabWare argues that Cincom's claim fails under *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S.Ct. 881, 886 (2019). Although LabWare is correct in that Cincom's Complaint never expressly states that the underlying copyright was ever registered, the Court disagrees with LabWare's interpretation of *Fourth Estate*. Labware argues that *Fourth Estate* stands for the proposition that a plaintiff must affirmatively state in its complaint that the underlying copyright was registered. But nowhere in the opinion did the Supreme Court hold as much. Rather, *Fourth Estate* involved a scenario where the plaintiff filed an application for a copyright with the Copyright Office but then sued the defendant before the Copyright Office ever registered the underlying copyright. *Id*. The Supreme Court held that merely filing an application for a copyright was insufficient and that a claimant must first obtain a valid registration from the Copyright Office prior to filing suit. *Id*. at 892.

Applying *Fourth Estate* here, the Court believes that on a motion to dismiss for failure to state a claim, § 411(a)'s pre-suit registration requirement is satisfied so long as plaintiff establishes a facially plausible claim that registration was obtained prior to bringing suit. *See Iqbal*, 556 U.S. at 678; *Compass Homes, Inc. v. Heritage Custom Homes*, No. 2:13-CV-779, 2014 WL 1903524, at *3 (S.D. Ohio May 9, 2014). Cincom satisfies this standard here by: (1) pleading that it acquired an exclusive license in the VSE Software; (2) attaching the applicable 1999 Software License Agreement, which conveyed that right; and (3) stating that its exclusive right is "in the proprietary and copyrighted VSE Software." (Doc. 1 at ¶ 21). When accepted as true and viewed in the light most favorable to Cincom, these allegations permit a reasonable inference that the VSE

4

Software is protected by a valid copyright that was registered prior to bringing suit.

Moreover, Cincom has requested that, "in order to remove any doubt whether a valid copyright for the VSE Software exists," the Court should take judicial notice of both: "(1) the VSE Software copyright registration publicly available on the U.S. Copyright Office's website, and (2) the Form 8-K filed by ObjectShare, Inc. with the Securities and Exchange Commission ("SEC")." (Doc. 10 at p. 5.) While the Court will refrain from taking judicial notice of these two documents at this time, it may properly consider them in determining the present motion to dismiss. *See, e.g., Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *4 (M.D. Tenn. Mar. 27, 2020) (although the Court denied as moot plaintiff's request to take judicial notice of a copyright registration, "[f]or purposes of the instant motion to dismiss, however, the Court assumes registration was completed on June 10, 2004 [the date provided in the copyright registration]."). Both documents are available as public records[1] [2] and central to Cincom's copyright infringement claim; and Cincom's Complaint refers to both the assignment of copyrights and the Asset Purchase Agreement. As such, the Court may properly consider them when determining the present motion to dismiss. *See Bassett*, 528 F.3d at 430. The U.S. Copyright Office's online registration identifies an

---

[1] (*See* Doc. 10) (*citing* UNITED STATES COPYRIGHT OFFICE, Public Catalog, Copyright Catalog (1978 to present), available at https://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?v1=1&ti=1,1&CNT=50&HC=1&RelBibID=4522851&HostBibID=4522853&ProfileCode=RECLNK&SEQ=20200312134311&PID=qDM_S33XAQYFpyUqs3xyv2DrHPQ (last visited Mar. 12, 2020)).

[2] SECURITIES AND EXCHANGE COMMISSION, Form 8-K Current Report, ObjectShare, Inc. April 8, 1999, available at https://www.sec.gov/Archives/edgar/data/916354/0000892569-99-001082.txt (last visited Nov. 24, 2020).

"[a]ssignment of copyrights" from "ObjectShare, Inc." to "Cincom Systems, Inc." on February 21, 2000 for "Smalltalk language guide / TX 1-564-488" and "Smalltalk/V PM : version 1.3 / TX 3-733-100." (Doc. 10-1.) Likewise, Section 1.1(a) of the Form 8-K states that the rights and assets being transferred include the "computer software. . . known as VisualSmalltalk Enterprise ('VSE')," and Section 2.9(a) states that ObjectShare, Inc., "owns or has a valid license for the copyrights." (Doc. 10-2.) Taken together and when viewed in the light most favorable to the Plaintiff, the Court assumes, for purposes of this motion, that Cincom acquired exclusive rights in a valid, registered copyright when it executed the 1999 Software License Agreement. *See, e.g., Rawls*, 2020 WL 1493610, at *4. Although LabWare argues that these two documents do not stand for what Cincom purports they do (*see* Doc. 11 at p. 12-3), the Court's consideration of such arguments should be reserved for later stages of litigation.

In sum, Cincom has alleged facts that, when accepted as true and viewed in the light most favorable to it, state a plausible claim for copyright infringement.

## II.  Count II:  Misappropriation of Trade Secrets

LabWare also contends that Cincom's misappropriation of trade secrets claim should be dismissed for two reasons.  First, LabWare argues that Cincom failed to allege facts demonstrating that the VSE Software qualifies as a "trade secret" under the OUTSA.  Second, LabWare argues that Cincom does not identify its alleged trade secrets with the required degree of specificity.  Each argument is discussed below.

**A. Cincom Sufficiently Alleges that the VSE Software is a "Trade Secret" Under the OUTSA**

In order to prevail on a misappropriation of trade secret claim, the alleging party must first demonstrate the existence of a trade secret. *See Handel's Enterprises, Inc. v. Schulenburg*, 765 F. App'x 117, 122 (6th Cir. 2019). To qualify as a "trade secret" under the OUTSA, the information in question must: (1) "derive[] independent economic value. . . from not being generally known," and (2) be "the subject of efforts that are reasonable under the circumstances to maintain its secrecy." O.R.C. § 1333.61(D).

LabWare argues that Cincom has failed satisfy either of these two prongs. LabWare contends that "Cincom offers nothing more than the sort of conclusory and 'formulaic recitation' of statutory elements held to be insufficient by *Twombly*," and "pleads no facts from which the Court can reasonably infer that the alleged trade secrets 'derive[] independent economic value. . . from not being generally known' and are 'the subject of efforts that are reasonable under the circumstances to maintain [their] secrecy.'" (Doc. 6 at p. 5; *quoting* O.R.C. § 1333.61.)

The Court disagrees. Again, when considering a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to plaintiff. Moreover, "[w]hether information qualifies as a trade secret is ordinarily 'a question of fact to be determined by the trier of fact upon the greater weight of the evidence.'" *DeBoer Structures (U.S.A.) Inc. v. Shaffer Tent And Awning Co.*, 233 F. Supp. 2d 934, 948 (S.D. Ohio 2002) (*quoting Fred Siegel Co. L.P.A. v. Arter & Hadden*, 85 Ohio St. 3d 171, 707 N.E.2d 853 (1999)). As such, the Court believes

it would be improper to make such a determination here, especially since Cincom has

pled enough facts for the Court to reasonably infer that the VSE Software could qualify

as a trade secret under the OUTSA. Cincom purchased an exclusive license in the VSE

Software in 1999. Since then, no other entity in the world has access to use the VSE

Software unless Cincom grants them permission. When Cincom found out that

LabWare was improperly using the VSE Software, Cincom contacted them, gave notice

of the improper use, and thereafter commenced litigation to stop that improper use and

protect the VSE Software. These facts allow the Court to reasonably infer that it is

plausible that the VSE Software "derives independent economic value from not being

generally known" and is "the subject of efforts that are reasonable under the

circumstances to maintain its secrecy." O.R.C. § 1333.61(D).

In sum, it is at least plausible that Cincom will be able to establish that the VSE

Software qualifies as a trade secret under the OUTSA.

### B. Cincom Identifies the Alleged Trade Secrets with Requisite Specificity

Second, LabWare argues that Cincom's misappropriation of trade secrets claim

should be dismissed because "Cincom does not identify its alleged trade secrets with

the required degree of specificity." (Doc. 6 at p. 6.) In support of this argument,

LabWare cites various cases, namely *A&P Tech., Inc. v. Lariviere*, 2017 WL 6606961, at *7

(S.D. Ohio Dec. 27, 2017). But none of these cases actually support LabWare's

proposition that an alleged trade secret must be pled with some form of heightened

particularity in order to survive a Rule 12(b)(6) motion to dismiss.

For example, *A&P Tech.*, did not involve a motion to dismiss, but rather involved

the defendants' request that plaintiff submit a list outlining in detail the alleged trade secrets. *Id.* This request was made *after* the defendant filed an answer and requested that such specificity be provided prior to conducting discovery. *Id.* Even the context of a post-pleading, pre-discovery request for specificity, Judge Black noted the "divergent rulings from various federal courts on [this] issue." *Id.* at *8. Simply put, *A&P Tech.*, is not applicable here. Nearly identical arguments have been denied by other district courts within the Sixth Circuit. *See, e.g., Interactive Sols. Grp., Inc. v. Autozone Parts, Inc.*, No. 11-13182, 2012 WL 1288173, at *2 (E.D. Mich. Apr. 16, 2012) ("The Court shall deny Defendant's request to dismiss Plaintiff's trade secrets claim for insufficient specificity. Defendant has not provided any Sixth Circuit authority, or any authority from district courts within the Sixth Circuit, to support its request."); *Compuware Corp. v. Int'l Bus. Machines*, 259 F. Supp. 2d 597, 605 (E.D. Mich. 2002) ("While [plaintiff] has not identified the trade secrets 'clearly, unambiguously, and with specificity,' such is not necessary at the pleading stage. The court finds that [plaintiff]'s allegations give adequate notice of its cause of action to [defendant]. Any further specificity desired by [defendant] can be achieved through discovery."). As such, LabWare's heightened specificity argument is unavailing.

Instead, to survive a motion to dismiss for failure to state a claim, Cincom's Complaint must contain sufficient allegations to "give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555; *see also Interactive Sols.*, 2012 WL 1288173, at *2. Cincom has satisfied this requirement. First, Cincom identified the trade secret at issue—namely, the "Smalltalk/V / Visual

9

Smalltalk /Visual Smalltalk Enterprise" Software. (Doc. 1 at ¶¶ 8, 11–17.) Second,

Cincom attached to the Complaint a copy of the 1999 Software License Agreement.

(Doc. 1-1.) Third, Cincom describes how LabWare gave a presentation on its use of the

VSE Software while attending a conference in Germany. (Doc. 1 at ¶ 14.) And fourth,

prior to filing suit, Cincom notified LabWare of its improper use of the VSE Software

and made numerous attempts to resolve the issue. (*Id.* at ¶¶ 15-16.) These allegations

provide LabWare with sufficient notice of what the misappropriation of trade secrets

claim is and the grounds upon which it rests.

### III. Counts III & IV: Common-Law Conversion & Unjust Enrichment

Lastly, LabWare argues that Cincom's common-law claims for conversion (Count

III) and unjust enrichment (Count IV) should be dismissed because they are preempted

by the OUTSA. The OUTSA preempts conflicting "tort, restitutionary, and other laws"

that provide "civil remedies for misappropriation of a trade secret." O.R.C. §

1333.67(A). The Sixth Circuit has determined that the "test to determine whether a state

law claim is displaced by OUTSA is to determine whether the claims are no more than a

restatement of the same operative facts that formed the basis of the plaintiff's statutory

claim for trade secret misappropriation." *Stolle Mach. Co., LLC v. RAM Precision*

*Industries*, 605 Fed. Appx. 473, 485 (6th Cir. 2015) (internal quotation omitted). If,

however, "the state-law claim has a factual basis independent from the facts

establishing the OUTSA claim, the portion of the claim supported by an independent

factual basis survives preemption." *Id.* (internal quotation omitted).

LabWare contends that Cincom's common-law claims for conversion and unjust

enrichment are preempted because they are premised on the exact same operative facts as Cincom's OUTSA claim. The Court agrees. The fundamental assertion of all three claims (trade secret misappropriation, conversion, and unjust enrichment) is that Cincom had an exclusive license over the VSE Software, which LabWare used without Cincom's permission. Cincom restates the same factual allegations in support of all three claims and does not argue that the conversion or unjust enrichment claims have any independent factual basis.

Instead, Cincom cites various Northern District of Ohio cases and argues that preemption on a motion to dismiss would be premature and should be rejected. However, one of the cases Cincom relies on, *Exal Corp. v. Roeslein & Assocs., Inc.*, 2012 WL 4754748, at *2 (N.D. Ohio Oct. 2, 2012), discusses the "varying and inconsistent holdings" courts have reached when analyzing this issue. The court noted that, regardless of these differing opinions, all of these "cases have one point of consensus: [i]f the common law cause of action is 'drawn entirely' from trade secret allegations, with no additional facts to support the claim, the common law count is subject to preemption." *Id.* (citation omitted). This is precisely the scenario here. No amount of discovery would alter the fact that Cincom's conversion and unjust enrichment claims are "drawn entirely" from the same allegations as Cincom's trade secret claim. And there is ample case law that supports the Court's decision to rule on preemption on a motion to dismiss. *Novus Grp., LLC v. Prudential Fin., Inc.*, 2019 WL 4452708, at *10 (S.D. Ohio Sept. 17, 2019) (conversion and unjust enrichment claims preempted by OUTSA on a Rule 12(b)(6) motion to dismiss); *Miami Valley Mobile Health Servs., Inc. v. ExamOne*

11

*Worldwide, Inc.*, 852 F. Supp. 2d 925, 941 (S.D. Ohio 2012) (conversion claim preempted by OUTSA on a Rule 12(b)(6) motion to dismiss); *Maatuk v. Emerson Elec.*, 2017 WL 9485679, at *13 (N.D. Ohio Nov. 14, 2017), report and recommendation adopted, 2018 WL 562934 (N.D. Ohio Jan. 24, 2018), *aff'd sub nom. Maatuk v. Emerson Elec., Inc.*, 781 F. App'x 1002 (Fed. Cir. 2019) (unjust enrichment claim preempted by OUTSA on a Rule 12(c) motion for judgment on the pleadings); *Safety Today, Inc. v. Roy*, 2013 WL 12286398, at *3 (S.D. Ohio Aug. 16, 2013) (conversion claim preempted by OUTSA on a Rule 12(b)(6) motion to dismiss); *Employee Health Sys., LLC v. Sterling Commerce (Am.), LLC.*, WL 12123865, at *7 (S.D. Ohio Sept. 30, 2013) (unjust enrichment claim preempted by OUTSA on a Rule 12(b)(6) motion to dismiss).

## CONCLUSION

For the reasons stated above, LabWare's Motion to Dismiss (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.      LabWare's motion to dismiss is **GRANTED** as to Count III (conversion) and Count IV (unjust enrichment), as both claims are preempted under the OUTSA; and

2.      LabWare's motion to dismiss is **DENIED** as to Count I (copyright infringement) and Count II (misappropriation of trade secrets).  These two claims shall proceed.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND