**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

CINCOM SYSTEMS,

    Plaintiff,

vs

LABWARE, INC.,

    Defendants.

Case No. 1:20-cv-83

McFarland, J.
Bowman, M.J.

**ORDER**

In accordance with the Court's February 15, 2022 Minute Entry, the parties were asked to brief four discovery issues. As such, this civil action is now before the Court on the parties' cross motions for discovery (docs. 33, 34) and responses thereto (docs. 35, 36). As outlined below, the undersigned herein issues the following Order:

*1. Cost for Installing Software for Source Code Inspection*

Paragraph 3(f) of Cincom's proposed Source Code Inspection Protocol Order requires the producing party to install on the source code inspection computer "[t]he development tools" required to compile and package the software products made available for inspection. At the time of the discovery conference, the parties were not in agreement about who should pay for the installation of the software. On February 22, 2022, Cincom emailed LabWare stating, "Cincom will provide VSE without charge" and proposed to accept the remaining language of Sections 6(c)-(d) for any other third party licenses. As such, the parties now agree that Cincom will provide a copy of Visual

Smalltalk Enterprise at no cost, and LabWare will install it on the source code review computer for use by Cincom's expert.[1]

2. *Printing Source Code Excerpts*

LabWare and Cincom agree on the need for a mechanism to request production of short "snippets" of source code for use at depositions of technical personnel and in expert reports. LabWare and Cincom agree that the "electronic folder" mechanism set out in Paragraph 6(j) is appropriate. LabWare objects to the alternative, paper-based approach inserted by Cincom and set out in Paragraph 6(f). On February 22, 2022, Cincom emailed LabWare stating, Cincom is willing to remove the printer option from both source code inspection computer locations to resolve this issue with the source code protocol.  Based on Cincom's representation, Paragraph 6(f) shall be removed from the proposed Source Code inspection Protocol Order.

3. *Additional ESI Custodians*

Counsel discussed Electronically Stored Information ("ESI") discovery at length during the Rule 26(f) planning process. Cincom itself proposed an initial limit of five custodians: "We are generally agreeable to your proposed exchange of custodians and search terms, but we believe the number of initial custodians should be increased from three to five." Letter from Mr. Callow to Mr. Ricciardi (June 18, 2021). Cincom requests that the number of custodians from whom LabWare must produce ESI be increased from five to thirteen. The eight additional custodians requested by Cincom are Wayne Bates,

---

[1] LabWare, however, contends that a dispute remains surrounding who pays for other commercial software programs that Cincom might request. Under Section 6(d) of Cincom's proposal, LabWare would still be required to pay.  LabWare also contends that Cincom has not named any other software programs, and LabWare declines to hand Cincom a blank check. Because Cincom has yet to name any other software programs, the Court declines to issue a speculative ruling on this issue at this time.

Eric DeVries, Vance Kershner, Kurt Kilpela, John Sarkela, Boris Shingarov, Andres Valloud, and Bruce Wierman.  LabWare initially objected to expanding the number of ESI custodians.  In its discovery motion, LabWare asserts that it does not categorically oppose expanding the number of ESI custodians, but there must be a reasoned basis to believe that the benefit of that additional discovery in resolving issues in this case outweighs the not-insubstantial burden and expense of collecting, searching, reviewing, and producing ESI for nearly three times the agreed number of custodians before either party produces a single e-mail from those initial custodians. Id. at 274 ("[T]he trial court must limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit….") (citing FED. R. CIV. P. 26(b)(1) and (b)(2)(C)(iii)).

As such, Cincom's discovery brief identified specific reasons and cited to specific deposition testimony to support the requested additional ESI custodians. Upon review, LabWare now has no objection to adding Mr. Kershner as an ESI custodian. LabWare will provide an ESI search term hit count report for Mr. Kershner to Cincom's counsel. LabWare, however, objects to the remaining 7 proposed additional custodians.  Upon review of Cincom's discovery brief and the arguments contained therein, the undersigned agrees that Cincom has provided sufficient rationale to add Andres Valloud, Wayne Bates, and Bruce Weirman as additional ESI custodians at this time.

4.  *Request for Support Documents.*

Paragraph 6(c) of Cincom's proposed Source Code Inspection Protocol order provides, in relevant part, "Defect/Fix/Support cases for all the relevant products must be provided as well as all the documentation thereto." In this regard, LabWare contends that the customer support database contains more than 138,000 support tickets dating back

to 1999. More than 80% of the tickets were contemporaneously categorized as requests for basic product information or assistance integrating LabWare's products into customer environments. Many tickets contain confidential customer information. Consistent with its response to Cincom's Request for Production No. 58, LabWare ran keyword searches for Cincom, Smalltalk, and VSE. See LabWare's Objections and Responses to Cincom's Second Set of Requests for Production, at 14 (Sept. 16, 2021) ("LabWare will conduct a reasonable search and produce non-privileged customer support records that mention 'Smalltalk' by name with redactions to obscure specific customer data and details."). The keywords hit on about 2,500 tickets, or about 1.8% of all tickets in the database. LabWare has no objection to reviewing and producing those tickets, with the understanding that some redactions may be necessary to protect confidential customer information.

Cincom, however, contends that LabWare appears to be intentionally limiting both Cincom's request and the Court's February 15, 2022 Minute Entry by discussing only "support tickets" rather than defect/fix/support cases." (LabWare. Br. at 5.) To the extent LabWare's use of the term "support tickets" differs from or does not also include "Defect/Fix/Support cases," that use is overly narrow and does not address the substance of the information requested by the Court in the parties' briefs. (See Feb. 15, 2022 Minute Entry (directing parties to brief the issue of Cincom's request for "Defect/Fix/Support cases"). Thus, the Court finds it very likely that "support tickets" is synonymous with "Defect/Fix/Support cases," however, should that not be the case, LabWare is to produce its responsive "Defect/Fix/Support cases."

Second, Cincom alleges that LabWare imposes an arbitrary 1999 cut-off. (Id.) If LabWare has Defect/Fix/Support cases and documents earlier than 1999, Cincom argues

those, too, must be produced. According to Cincom, starting sometime before 1999, LabWare's standard practice was to ship customized Smalltalk source code to customers which would necessitate alterations that would infringe upon any purported licensing rights LabWare may claim to have acquired in the 1990s (and on which LabWare now relies to justify its practices today). Thus, Cincom further contends that it is entitled to both pre- and post-1999 Defect/Fix/Support cases. The Court agrees. LabWare shall expand the time frame for its search of Defect/Fix/Support cases to April 1995[2].

Third, LabWare states it ran keyword searches for "Cincom, Smalltalk, and VSE" but only provides results for support tickets that mention "Smalltalk." (Id. at 5–6.). Cincom argues that LabWare must search and produce all Defect/Fix/Support cases and documents that mention either "Cincom," "Smalltalk," "Visual Smalltalk," "Smalltalk/V" or "VSE"—and that search must be for all of the products/applications LabWare identified that use or contain VSE. (See LabWare's April 12, 2021 Response to Interrogatory No. 4 (identifying the following products: LIMS version 1.2; LIMS version 2; LIMS version 2.1; LIMS version 3; LIMS version 4; LIMS version 5; LIMS version 6; LabWare 7; LabWare 8; LabStation version 1; LabStation version 4; LabStation version 4.11; ELN version 1; ELN version 2; ELN version 3). Thus, LabWare shall run keyword searches for Defect/Fix/Support cases that mention either "Cincom," "Smalltalk," "Visual Smalltalk," "Smalltalk/V" or "VSE" for all the LabWare products/applications identified in LabWare's Response to Interrogatory No. 4.

---

[2] LabWare identified products and applications that use or contain VSE dating back to April 1995. (See Doc. 34 at 9).

*5. Conclusion*

Thus, consistent with the above, the cross-motions for discovery are granted in part and denied in part.

**IT IS SO ORDERED.**

   <u>s/Stephanie K. Bowman</u>
Stephanie K. Bowman
United States Magistrate Judge