UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CINCOM SYSTEMS,

    Plaintiff,

vs

LABWARE, INC.,

    Defendant.

Case No. 1:20-cv-83

McFarland, J.
Bowman, M.J.

**ORDER**

This civil action is now before the Court on the parties' motions to file documents under seal (Docs. 47, 48) and their responsive memoranda (Docs. 49, 50). The motions will be addressed in turn.

*A. Plaintiff's Motion for Leave to File Confidential Materials Under Seal (Doc. 47)*

As noted by Plaintiff, this is a case that involves claims of copyright infringement and alleged misappropriation of trade secrets regarding Cincom's proprietary and exclusively licensed VSE Software, including "highly confidential computer program source code." While the Sixth Circuit recognizes a presumption against the sealing of documents, *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016), this presumption may be overcome by "trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence[.]" Id. at 308 (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) (emphasis added).

Here, Cincom seeks to file under seal certain deposition transcripts, exhibits, and other materials from the evidentiary record that have been designated as either CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to the Stipulated Protective

1

Order entered in this case. These documents contain confidential information relating to protected source code of the VSE Software and Cincom's trade secrets for the VSE Software documents. Notably, Cincom requests leave to file under seal the following materials:

**Cincom Fact Witness Depositions and Exhibits:**

• **Aug. 3, 2022 Deposition Transcript of Suzanne Fortman (with Exhibits)**: Cincom designated the following select portions of Ms. Fortman's deposition transcript as CONFIDENTIAL pursuant to Paragraph 5(c) of the Stipulated Protective Order: 12:10–19:15; 19:16–24:24; 26:13–28:07; 36:18–39:01; 41:19–55:22; 59:12–60:25; 62:05–97:22; 99:10–100:16; 103:20–104:13; 110:07–110:14; 110:24–112:03; 139:09–147:10; 151:12–156:16; 184:25–193:23; 196:20–227:03; 230:16–233:17; and 234:19–242:09. In addition, the following portions contain information marked ATTORNEYS' EYES ONLY: 28:16–25; 29:01–35:25; 36:01–15; and 56:01–58:25. These portions of the transcript and the corresponding exhibits contain information regarding protected source code of the VSE Software, discuss Cincom's trade secrets for the VSE Software, or contain other sensitive commercial information regarding Cincom's VSE Software.

• **Aug. 4, 2022 Deposition Transcript of Jason Ayers (with Exhibits)**: Cincom designated the following select portions of Mr. Ayers' deposition transcript as CONFIDENTIAL pursuant to Paragraph 5(c) of the Stipulated Protective Order: 16:18–41:20; 42:09–46:19; 48:05–58:04; 58:16–62:11; 73:22–75:24; 78:17–98:16; 98:17–110:18; 175:04–180:07; 180:08–189:16; and 209:10–227:12. In addition, the following portions of the transcript contain information marked ATTORNEYS' EYES ONLY: 120:15-25; 121:01–167:25; 168:01–22; 190:22–25: 191:01–207:25; and 208:1–10. These portions of the transcript and the corresponding exhibits contain information regarding protected source code of the VSE Software, discuss Cincom's trade secrets for the VSE Software, or contain other sensitive commercial information regarding Cincom's VSE Software.

• **Aug. 5, 2022 Deposition Transcript of Brian Bish (with Exhibits)**: Cincom designated the following select portions of Mr. Bish's deposition transcript as CONFIDENTIAL pursuant to Paragraph 5(c) of the Stipulated Protective Order: 12:03–33:20; 36:20–41:19; 44:13–45:05; 44:22–46:07; 47:21–54:12; 55:13–59:13; 59:23–76:15; 127:02–138:25; 139:21–168:08; 172:01–186:25; 187:17–229:08; 231:07–234:07; and 255:15–265:17. In addition, the following pages contain information marked ATTORNEYS' EYES ONLY: 77:07–25; 78:01–125:25; and 126:01–21. These portions of the transcript and the corresponding exhibits contain information regarding protected source code of the VSE Software, discuss Cincom's trade secrets for the VSE Software, or contain other sensitive commercial information regarding Cincom's VSE Software.

- **July 29, 2022 Deposition Transcript of Georg Heeg (with Exhibits):** The entirety of Mr. Heeg's July 29, 2022 deposition transcript was designated as ATTORNEYS' EYES ONLY under the Stipulated Protective Order. (Tr. at 8:02–06.) Mr. Heeg's transcript and exhibits contains information regarding protected source code of the VSE Software, discusses Cincom's trade secrets for the VSE Software, or contain other sensitive commercial information regarding Cincom's VSE Software.

**Cincom Expert Witness Depositions, Reports, and Exhibits:**

- **Expert Reports of David Buck (Original Report dated Sept. 15, 2022 and Rebuttal Report dated Nov. 15, 2022) and Dec. 1, 2022 Deposition Transcript of Mr. Buck (with Exhibits):** One of Cincom's witnesses, Mr. David Buck, is an expert on VSE and offered opinions based on and developed pursuant to his review and analysis of ATTORNEYS' EYES ONLY source code and materials made available for inspection pursuant to the Source Code Inspection Protocol (including LabWare's source code and Cincom's VSE tools/files that were available for inspection on LabWare's computer). Accordingly, Cincom designated Mr. Buck's written report as ATTORNEYS' EYES ONLY pursuant to the Source Code Inspection Protocol and Stipulated Protective Order. The Court subsequently downgraded Mr. Buck's Original Report from ATTORNEYS' EYES ONLY to CONFIDENTIAL. Mr. Buck's Dec. 1, 2022 deposition transcript and corresponding exhibits further discuss the substance of his opinions in his two expert reports.

- **Expert Reports of Georg Heeg (Original Report dated Sept. 15, 2022 and Rebuttal Report dated Nov. 15, 2022) and Dec. 14, 2022 Deposition Transcript of Mr. Heeg (with Exhibits):** Mr. Heeg's Sept. 15, 2022 Expert Report contains detailed discussion and analysis regarding protected source code of the VSE Software and Cincom's trade secrets for the VSE Software—and was designated as ATTORNEYS' EYES ONLY pursuant to the Stipulated Protective Order. Similarly, Mr. Heeg's Nov. 15, 2022 Rebuttal Report was designated CONFIDENTIAL because it further discusses the VSE Software's source code and trade secrets in response to counter opinions from LabWare's two experts, Dr. Benjamin Goldberg and Mr. Daniel McGavock. Mr. Heeg's Dec. 14, 2022 deposition transcript and the corresponding exhibits also discuss the substance of his expert opinions and analyses relating to Cincom's VSE Software source code and trade secrets.

- **Rebuttal Expert Report of Brian Bish (dated Nov. 15, 2022) and Dec. 2, 2022 Deposition Transcript of Mr. Bish (with Exhibits)**: Mr. Bish's Nov. 15, 2022 Rebuttal Expert Report was offered in response to a counter opinion from LabWare's expert Mr. McGavock—both of which were designated as CONFIDENTIAL under the Stipulated Protective Order. Both Mr. McGavock's and Mr. Bish's reports discuss sensitive commercial information regarding Cincom's internal business practices and licensing for the VSE Software. Mr. Bish's Dec. 2,

2022 deposition transcript and the accompanying exhibits also discuss the substance of his rebuttal opinions relating to Cincom's VSE Software.

- **Rebuttal Expert Report of Tom Marth (dated Nov. 15, 2022) and Dec. 9, 2022 Deposition Transcript of Mr. Marth (with Exhibits):** Mr. Marth's Nov. 15, 2022 Rebuttal Expert Report was offered in response to a counter opinion from LabWare's expert Mr. McGavock—both of which were designated as CONFIDENTIAL under the Stipulated Protective Order. Both Mr. McGavock's and Mr. Marth's reports discuss sensitive commercial information regarding Cincom's internal business practices and licensing for the VSE Software. Mr. Marth's Dec. 9, 2022 deposition transcript and the accompanying exhibits also discuss the substance of his rebuttal opinions relating to Cincom's VSE Software.

**LabWare Expert Witness Deposition, Reports, and Exhibits:**

- **Expert Report of Benjamin Goldberg (dated Oct. 24, 2022) and Dec. 7, 2022 Deposition Transcript of Dr. Goldberg (with Exhibits):** LabWare initially designated the entirety of Dr. Goldberg's Oct. 24, 2022 Expert Report as ATTORNEYS' EYES ONLY. LabWare then downgraded the Report and accompanying Exhibits to CONFIDENTIAL (with the exception of Exhibit D1 and D2, which remained designated as ATTORNEYS' EYES ONLY). Dr. Goldberg's Expert Report was offered in response to both Mr. Buck's Expert Report (designated CONFIDENTIAL) and Mr. Heeg (designated ATTORNEYS' EYES ONLY), and contains information regarding his inspection of Cincom's source code and trade secrets for the VSE Software. Dr. Goldberg's Dec. 7, 2022 deposition transcript and the accompanying exhibits further discuss his opinions regarding these matters.

- **Expert Report of Daniel McGavock (dated Oct. 24, 2022) and Dec. 16, 2022 Deposition Transcript of Mr. McGavock (with Exhibits**): Mr. McGavock's Oct. 24, 2022 Expert Report was designated CONFIDENTIAL by LabWare under the Stipulated Protective Order, and contains sensitive commercial information regarding Cincom's internal business practices and licensing for the VSE Software. Mr. McGavock's Dec. 9, 2022 deposition transcript and the accompanying exhibits also discuss the substance of his opinions relating to Cincom's VSE Software.

**Written Discovery and Other Materials:**

- **Cincom's Aug. 31, 2021 Second Supplemental Response to Interrogatory No. 4:** Cincom's Second Supplemental Response to Interrogatory No. 4 contains a 35-page report identifying in detail the trade secrets for the VSE Software.
- **Cincom's Sept. 15, 2022 Supplemental Initial Disclosures**: Cincom's Sept. 15, 2022 Supplemental Initial Disclosure cites testimony from Mr. Bish regarding Cincom's VSE Software, including commercially sensitive information regarding Cincom's business and licensing of the VSE Software. (See supra.)

- **CIN03177–3227 (Schedules to the dated Aug. 27, 1999 Asset Purchase Agreement between Cincom and ObjectShare)**: Cincom designated as CONFIDENTIAL pursuant to the Stipulated Protective Order Schedules 1.1 through 4.15 to the Aug. 27, 1999 Asset Purchase Agreement between Cincom and ObjectShare. The Schedules are not public and contain commercially sensitive business information for Cincom.

(Doc. 47, p 2-5).

Defendant LabWare opposes Plaintiff's motions to seal arguing that Plaintiff misinterprets the *Shane Group* standard and its motion to seal is grossly overbroad. (Doc. 49). In this regard, Defendant notes that the Sixth Circuit explicitly distinguished and rejected designations under a protective order as a basis for sealing. *Shane Group*, 825 F.3d at 305 ("[T]here is a stark difference between so-called 'protective orders' entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other."). "Unlike information merely exchanged between the parties, 'the public has a strong interest in obtaining the information contained in the court record.'" Id. (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). Accordingly, Defendant argues that Cincom's unilateral designation of documents and testimony as confidential under a protective order governing discovery between the parties does not establish that those same documents and testimony ought to be sealed when they are submitted to the Court. *Shane Group* requires Cincom to offer more than unilateral designations and conclusory assertions of confidentiality to justify sealing court records.

LabWare further argues that Cincom does not provide a particularized explanation as to the need to seal these documents, thus, leaving LabWare to "prove the negative" and unlawfully shift the burden. (Doc. 49, p3). "The burden of overcoming [the] presumption [of public access to court records] is borne by the party that seeks to seal

them." *Shane Group*, 825 F.3d at 305 (*citing In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). LabWare's contentions are not well-taken.

As noted by Plaintiff Cincom, Defendant LabWare does not dispute that this case involves Cincom's "highly confidential computer program source code" for the VSE Software and Cincom's trade secrets regarding the VSE Software—which the Sixth Circuit and this Court have long recognized is a "recognized exception to the right of public access to judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 308 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983); *McCleese v. Natorp's, Inc.*, No. 1:20-cv-118, 2022 U.S. Dist. LEXIS 214674, at *3 (S.D. Ohio Nov. 28, 2022) ("The need to protect trade secrets can overcome the presumption of access. . . . Moreover, this Court has repeatedly recognized that protecting confidential information that would otherwise allow competitors an inside look at a company's business strategies is a compelling reason to restrict public access to filings.") (McFarland, J.*); Berry v. Firstgroup Am., Inc.*, No. 1:18-cv-326, 2022 U.S. Dist. LEXIS 214199, at *3 (S.D. Ohio Nov. 28, 2022) (granting Plaintiff's motion for leave to file documents and deposition transcripts under seal because they "contain or reference confidential or highly confidential information") (McFarland, J.).

Here, Cincom cited to the *Shane Group* standard and the well-established exceptions thereto. The undersigned finds that it met its burden for sealing the respective documents by explaining why each of the requested materials record should be filed under seal due to their having confidential information relating to highly confidential source code of the VSE Software, Cincom's trade secrets for the VSE Software, or other

sensitive commercial information regarding the VSE Software. (Doc. 47 at PageID 399-403.)

*B. Defendant's Motion to File Financial Information Under Seal (Doc.48)*

Defendant LabWare also asks the court for leave to file documents under seal in connection with its forth coming motion for summary judgment. Specifically, LabWare seeks to seal three spreadsheets that detail the revenues, expenses, and net income of LabWare, its parent company, and their corporate affiliates, all privately held companies, over the past decade. LabWare contends that those financial details are maintained confidentially, have already been determined to be properly designated as Attorneys' Eyes Only under the Stipulated Protective Order, (Doc 18), and do not bear on any liability determinations that the Court may make on summary judgment.

Upon careful review and in the absence of any opposition, the undersigned finds that LabWare's motion satisfies the *Shane Group* standard and is well-taken.

*C. Conclusion*

Accordingly, the undersigned finds that Cincom's motion for leave to file documents under seal (Doc. 47) is well-taken and herein **GRANTED.** It is hereby **ORDERED** that Cincom shall file the following materials under seal:

- Aug. 3, 2022 Deposition Transcript of Suzanne Fortman (with Exhibits);

- Aug. 4, 2022 Deposition Transcript of Jason Ayers (with Exhibits);

- Aug. 5, 2022 Deposition Transcript of Brian Bish (with Exhibits);

- July 29, 2022 Deposition Transcript of Georg Heeg (with Exhibits);

- Expert Reports of David Buck (Original Report dated Sept. 15, 2022 and Rebuttal Report dated Nov. 15, 2022) and Dec. 1, 2022 Deposition Transcript of Mr. Buck (with Exhibits);

- Expert Reports of Georg Heeg (Original Report dated Sept. 15, 2022 and Rebuttal Report dated Nov. 15, 2022) and Dec. 14, 2022 Deposition Transcript of Mr. Heeg (with Exhibits);

- Rebuttal Expert Report of Brian Bish (dated Nov. 15, 2022) and Dec. 2, 2022 Deposition Transcript of Mr. Bish (with Exhibits);

- Rebuttal Expert Report of Tom Marth (dated Nov. 15, 2022) and Dec. 9, 2022 Deposition Transcript of Mr. Marth (with Exhibits);

- Expert Report of Benjamin Goldberg (dated Oct. 24, 2022) and Dec. 7, 2022 Deposition Transcript of Dr. Goldberg (with Exhibits);

- Expert Report of Daniel McGavock (dated Oct. 24, 2022) and Dec. 16, 2022 Deposition Transcript of Mr. McGavock (with Exhibits);

- Cincom's Aug. 31, 2021 Second Supplemental Response to Interrogatory No. 4;

- Cincom's Sept. 15, 2022 Supplemental Initial Disclosures; and

- CIN03177–3227 (Schedules to the dated Aug. 27, 1999 Asset Purchase Agreement between Cincom and ObjectShare).

Furthermore, LabWare's motion to seal (Doc. 48) is also herein **GRANTED**. It is **ORDERED** that LabWare shall file the three financial spreadsheets identified above under seal.

**IT IS SO ORDERED.**

                                                _s/Stephanie K. Bowman_
                                                *Stephanie K. Bowman*
                                                United States Magistrate Judge