IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| CINCOM SYSTEMS, INC., | : | Case No. 1:20-cv-83 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| LABWARE, INC., | : | |
| | : | |
| Defendant. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendant's Renewed Motion for Attorneys' Fees (Doc. 136) and Bill of Costs (Doc. 119). Plaintiff objected to Defendant's Bill of Costs (Doc. 125), and Defendant filed a Reply to the Objections (Doc. 127). Similarly, Plaintiff filed a Response in Opposition to Defendant's Motion for Attorneys' Fees (Doc. 137), to which Defendant filed a Reply in Support (Doc. 138). Thus, these matters are both ripe for review. For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objections (Doc. 125) to the Bill of Costs (Doc. 119) and **GRANTS** Defendant's Renewed Motion for Attorneys' Fees (Doc. 136).

## BACKGROUND

Plaintiff Cincom Systems, Inc. filed this action on January 30, 2020. (Compl., Doc. 1.) In the Complaint, Plaintiff alleged that Defendant Labware, Inc.: (1) engaged in federal copyright infringement and unfair competition in violation of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*; (2) engaged in misappropriation of trade secrets in violation of the

Ohio Uniform Trade Secrets Act; (3) engaged in wrongful conversion of Plaintiff's proprietary and copyrighted materials; and (4) was unjustly enriched from use of these materials. (*Id.*) Defendant filed a Motion to Dismiss for Failure to State a Claim (Doc. 6), which this Court granted in part, dismissing the claims of conversion and unjust enrichment. (*See* Order, Doc. 14.) At that stage, only the copyright infringement and misappropriation of trade secrets claims remained against Defendant.

After discovery, Defendant filed a Motion for Summary Judgment (Doc. 83) as to all remaining claims against Plaintiff. The Court granted the Motion. (Order, Doc. 126.) Defendant then filed a Motion for Attorneys' Fees (Doc. 128). Defendant also filed a Bill of Costs (Docs. 119). Plaintiff objected to the Bill of Costs (*see* Doc. 125), and Defendant filed a Reply to Plaintiff's Objections (Doc. 127). Plaintiff also appealed the Court's Order granting summary judgment (Doc. 122), and the Court stayed this matter pending that appeal (Doc. 132). The Sixth Circuit has since affirmed this Court's ruling (Doc. 133). Accordingly, Defendant filed a Renewed Motion for Attorneys' Fees to include fees incurred during the appellate proceedings; Defendant noted that this Motion "supersedes and entirely replaces" the prior fee motion. (Doc. 136, Pg. ID 12746, n.1.) The Renewed Motion has been fully briefed. (*See* Docs. 137, 138.) As both the Bill of Costs (Doc. 119) and Renewed Motion for Attorneys' Fees (Doc. 136) are ripe for review, the Court will analyze each in turn.

**LAW & ANALYSIS**

### I. Bill of Costs

28 U.S.C. § 1920 provides the basic rule for the type of costs that may be taxed

2

following the entry of a judgment. These include: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) certain docket fees; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

After judgment was entered in this matter, Defendant requested $61,151.80 in costs to be taxed against Plaintiff. (Bill of Costs, Doc. 119, Pg. ID 12088.) This total includes: $42,991.05 in fees for printed or electronically recorded transcripts, $16,248.25 in fees for exemplification and the costs of making copies of materials used in the case, including documents shared as part of discovery, and $1,912.50 in compensation of interpreters and special interpretation services. (*Id.*) Attached to its Bill of Costs was an affidavit of Defendant's attorney Matthew Ricciardi (Doc. 119-1), along with deposition transcript invoices (Exhibit A, Doc. 119-2), deposition videography invoices (Exhibit B, Doc. 119-3), invoices for copying documents requested by Plaintiff (Exhibit C, Doc. 119-4), and interpreter invoices (Exhibit D, Doc. 119-5).

Plaintiff objected to the Bill of Costs on several grounds. First, Plaintiff asked that costs be delayed pending the appeal. (Objections, Doc. 125, Pg. ID 12215.) As the Court stayed this case in its entirety pending the now-adjudicated appeal, this objection is moot and thus not well-taken. Plaintiff next objects on the grounds that the Bill of Costs is excessive and contains unallowable costs. (*Id.* at Pg. ID 12216.) In the Objections, Plaintiff

breaks down the costs into four categories: (1) deposition transcript costs; (2) video deposition costs; (3) document copy costs; and (4) interpreter costs. (*Id.* at Pg. ID 12216-19.) The following analysis will address each in turn, while keeping in mind that the Court has "broad discretion in allowing or disallowing the particular items listed in § 1920 as costs." *See BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005). Indeed, a district court has the "inherent and statutory authority to act on motions related to costs prior to any action by the clerk based on the permissive language of Rule 54, the language of § 1920, and the fact that any decision by the clerk would have been subject to *de novo* review by the district court." *Id.* at 418-19.

### a. Deposition Transcript Costs

Plaintiff asserts that Defendant seeks "excessive and unallowable" costs for the twenty-six deposition transcripts it acquired. (Objections, Doc. 125, Pg. ID 12217.) First, Plaintiff points out that three transcripts, costing about $1,200 to $1,400, were unnecessary and not filed on the docket. (*Id.*) Indeed, Defendant never used these transcripts in its summary judgment briefing. (*Id.*) Defendant correctly responds, however, that the question of necessity is not whether the depositions were filed or used to support a motion; rather, "[n]ecessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling." (Reply, Doc. 127, Pg. ID 12253 (quoting *Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293, 295 (6th Cir. 2015)) (cleaned up).) To this point, Defendant notes that Plaintiff has not offered any reasons why the three depositions it mentions were not necessary at the time of taking. (*Id.*) In fact, Defendant asserts that Plaintiff identified the three witnesses as "individuals or

entities known to Cincom, at this time, who may be called to testify as witnesses at the trial." (*Id.* (citing Ricciardi Supplemental Decl., Doc. 127-1; Plaintiff's Identification of Fact Witnesses, Exhibit E, Doc. 127-2).) As Plaintiff identified these three witnesses as individuals who may be called to testify, the Court agrees with Defendant that, at the time of taking, these depositions were necessary. Accordingly, Plaintiff's objection to the costs associated with them is not well-taken.

Plaintiff also objects to taxing $2,080.50 for the copies of exhibits accompanying the deposition transcripts. (Objections, Doc. 125, Pg. ID 12217.) Defendant notes that this cost is a *de minimis* amount in relation to the rest of the costs and therefore agrees to withdraw the request to tax the cost of deposition exhibits. (Reply, Doc. 127, Pg. ID 12253.) The objection is thus moot.

### b.  Video Deposition Costs

Next, Plaintiff takes issue with the costs of the video depositions, finding the request, again, excessive and unallowable. (Objections, Doc. 125, Pg. ID 12218.) In support of this argument, Plaintiff first notes that Defendant seeks recovery "for both the stenographer deposition transcript and for video deposition costs" of these same depositions. (*Id.*) These include the three depositions that Defendant did not file or use to support its Motion for Summary Judgment. (*Id.*) According to Plaintiff, "the video depositions were not necessary for the maintenance of the action." (*Id.* (citing *MacDonald v. UPS,* 2010 U.S. Dist. LEXIS 28987 (E.D. Mich. Mar. 26, 2010)).) In citing *MacDonald,* Plaintiff notes that the court denied taxing the costs of video depositions because, in part, they were not ordered by the court, and because they were not used. (*Id.*) However, the

5

*MacDonald* court relied on a court-order requirement for video depositions because such a requirement is found in the Eastern District of Michigan's Bill of Costs Handbook. *See MacDonald*, 2010 U.S. Dist. LEXIS 28987, at *4-5. In fact, the court found that the clerk had originally erred when denying the costs for a video deposition that was not used in court proceedings. *Id.* Instead, the court stated that "the depositions for which [d]efendant seeks reimbursement were necessarily obtained to advance its successful motion for summary judgment," even though they were not used. *Id.* Nevertheless, the court declined to award the defendant costs for the video deposition of one witness, emphasizing that the district's Bill of Costs Handbook only allows costs for court-ordered video depositions. No such requirement exists in this district.

To this point, Defendant also asserts that the Sixth Circuit has "determined that it [is] proper to tax both the cost of videotaping and transcribing a deposition." (Reply, Doc. 127, Pg. ID 12254 (quoting *BDT Prods., Inc.*, 405 F.3d at 420) (cleaned up).) Furthermore, to the extent that Plaintiff objects to covering the costs of video depositions not used in court proceedings, the Court applies the same analysis as above: the relevant inquiry is whether the deposition was deemed necessary at the time of taking, which it was for all three witnesses. *See BDT Prods., Inc.*, 405 F.3d at 419; *Colosi*, 781 F.3d at 295; *see also MacDonald*, 2010 U.S. Dist. LEXIS 28987, at *4-5. Accordingly, Plaintiff's objections to the video deposition costs are not well-taken.

### c. Document Copy Costs

Plaintiff also objects to Defendant's request of $16,248.25 for copying documents that Plaintiff requested. (Objections, Doc. 125, Pg. ID 12218.) While Plaintiff admits that

it did request documents throughout the litigation, it states that Defendant "produced thousands of documents and hundreds of thousands of pages that were duplicative and unnecessary," and many of the documents were produced in unusable form. (*Id.*) Of all those documents, Plaintiff avers that fewer than 300 of them were used as deposition exhibits in discovery and filed with the Court as part of the summary judgment briefing. (*Id.*) As such, Plaintiff requests that the Court deny, or at least reduce, the requested costs for copying. (*Id.* at Pg. ID 12219.)

In response, Defendant asserts that Plaintiff "has no one but itself to blame" for the size of Defendant's document production. (Reply, Doc. 127, Pg. ID 12254.) As Defendant describes, the production was the result of a "year-long negotiation" over search terms and custodians of electronically stored information ("ESI"), where Plaintiff even requested broader search terms than what Defendant had originally proposed. (*Id.* at Pg. ID 12254-55.) Furthermore, Defendant points out that Plaintiff failed to support with case law its suggestion that only the costs for copies used should be taxed. (*Id.* at Pg. ID 12255.) Indeed, it is well established in the Sixth Circuit that "trial courts have the discretion to tax the cost of 'copies attributable to discovery' as necessarily obtained for use in that case, even if neither party uses the copy at trial." *Colosi*, 781 F.3d at 298 (citing *Jordan v. Vercoe*, No. 91-1671, 1992 WL 96348, at *1 (6th Cir. May 7, 1992)). And, as Defendant notes, "[c]ourts often contrast copies necessarily produced to meet discovery obligations, which are recoverable, with copies produced solely for internal use or the convenience of counsel in conducting discovery." (Reply, Doc. 127, Pg. ID 12255 (citing *Colosi*, 781 F.3d at 298) (cleaned up).)

The Court notes that, in a letter to Defendant's counsel from Plaintiff's counsel, Plaintiff specifically demanded the production of thousands of documents arising from ESI hit counts, even though Defendant had declared the search terms that generated those hit counts to be overbroad. (Letter to Matthew Ricciardi, Exhibit F, Doc. 127-3.) The letter then continues by stating that Defendant "must review and produce all the documents" provided from the hit counts. (*Id.*) Thus, the Court agrees that these copies, although numerous, were necessary to meet Defendant's discovery obligations. *See Colosi*, 781 F.3d at 298. Indeed, Plaintiff demanded them. Accordingly, this objection is likewise not well-taken.

### d. Interpreter Costs

Finally, Plaintiff objects to the taxation of costs associated with an interpreter for the deposition of Helge Nowak, arguing that these costs, too, are excessive and unallowable. (Objections, Doc. 125, Pg. ID 12219.) As the sole support of the argument, Plaintiff asserts that the interpreter provided services for a deposition that was never used or even filed with the Court. (*Id.*) However, as this Court noted above, Defendant reiterates that "necessity is measured at the time the deposition is taken, not with hindsight." (Reply, Doc. 127, Pg. ID 12256 (citing *Colosi*, 781 F.3d at 295).) And, Defendant points out that Plaintiff's own witness requested an interpreter for his deposition. (*Id.; see* Email, Ex. G, Doc. 127-4, Pg. ID 12272.) Thus, although Defendant did not use Novak's deposition in support of its summary judgment motion, the interpreter for the deposition, along with the deposition itself, were necessary at the time of taking. This objection is, therefore, not well-taken.

8

\*      \*      \*

For the foregoing reasons, the Court overrules Plaintiff's Objections to Defendant's Bill of Costs. These costs should be taxed against Plaintiff in the amount of $59,071.30, which reflects Defendant's voluntary withdrawal of costs associated with deposition exhibits.

## II.    Attorneys' Fees

Consistent with the Federal Rules of Civil Procedure 54(d)(2)(B)(iii) and (C), Defendant's Motion for Attorneys' Fees requests that the Court first find that Defendant is entitled to attorneys' fees; following such a finding, Defendant asks that this Court set a schedule for submission of evidence establishing the exact amount to be awarded. (Motion, Doc. 136, Pg. ID 12747.) Defendant maintains that it incurred over $6.8 million in attorneys' fees and costs to "investigate, defend, and ultimately defeat the baseless copyright infringement, trade secret misappropriation, and common law claims" brought by Plaintiff. (*Id.* at Pg. ID 12752.) However, Defendant seeks reimbursement only of "the portion of those fees and costs that it incurred to defeat [Plaintiff]'s copyright claim." (*Id.*)

The Copyright Act states that, in any civil action brought under the Act, "the court in its discretion may allow the recovery of full costs by or against any party […]. [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In support of its request, Defendant points out that, in copyright cases, "awarding fees and costs to the prevailing party is the rule rather than the exception and they should be awarded routinely." (Motion, Doc. 136, Pg. ID 12752 (quoting *Bridgeport Music, Inc. v. WB Music Corp. ("Bridgeport II")*, 520 F.3d 588, 592 (6th

9

Cir. 2008)) (cleaned up).) Nevertheless, district courts should not award fees and costs "as a matter of course," but instead "must make a particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 202 (2016) (cleaned up).

In making such an assessment, the Court examines several factors, including, but not limited to: "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). Regarding the *Fogerty* factors, the Sixth Circuit has emphasized that "no factor is a necessary condition," and "not every factor must weigh in favor of the prevailing party and other factors may be considered as well." *Bridgeport II*, 520 F.3d at 593; *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, ("*Bridgeport I*") 376 F.3d 883, 894 (6th Cir. 2004). Defendant maintains that the *Fogerty* factors, among others, support an award of attorneys' fees, while Plaintiff argues that none of the factors favor such an award. The following discussion will analyze these factors.

### a. Objective Reasonableness and Frivolousness

As the reasonableness and frivolousness factors "overlap conceptually," the Court considers these factors together. *Bliss Collection, LLC v. Latham Co., LLC*, No. 5:20-CV-217, 2022 WL 1154600, at *5 (E.D. Ky. Apr. 19, 2022) (collecting cases). Of all the factors that a district court examines in exercising its authority to award fees under the Copyright Act, the court "should give substantial weight to objective reasonableness of the losing party's position." *Kirtsaeng*, 579 U.S. at 199. However, objective reasonableness "can be only an important factor in assessing fee applications—not the controlling one." *Id.* at 208.

Defendant's argument for these two factors is seemingly twofold: (1) Plaintiff's pre-suit investigation was inadequate; and (2) Plaintiff vexatiously multiplied Defendant's costs. (Motion, Doc. 136, Pg. ID 12760-62.) Defendant begins by stating that the existence of a copyright registration is necessary to maintain a copyright infringement claim. (*Id.; see also* 17 U.S.C. § 411(a); *Pub. Benefit Corp. v. Wall-street.com, LLC*, 586 U.S. 296 (2013).) Yet, Plaintiff's Complaint included a copyright infringement claim without any mention of a copyright registration. (*Id.* at Pg. ID 12760-61.) When Defendant noted this deficiency in its Motion to Dismiss, Plaintiff—according to Defendant's perspective—"flatly mischaracterized" two copyright registrations that were inapplicable to the product at issue. (*Id.*) After discovery, at summary judgment, and on appeal, Defendant highlights that Plaintiff still pursued its copyright claim based on these two registrations; but, as it turned out, one was for a book, while the other was for a code that Plaintiff still cannot identify. (*Id.* at Pg. ID 12761.) Accordingly, Defendant maintains that Plaintiff's inadequate investigation prior to filing suit led to a futile pursuit of its copyright infringement claim. (*Id.*)

This futile pursuit in turn "vexatiously multiplied" Defendant's costs. (Motion, Doc. 136, Pg. ID 12761.) Defendant contends that the copyright claim "needlessly complicated" the case, as Defendant had to investigate, research, and analyze numerous issues related only to the copyright claim, which included several depositions and significant document review. (*Id.* at Pg. ID 12761-62.) In sum, Defendant asserts that the copyright claim was "objectively unreasonable when filed because it was not based on a copyright registration." (*Id.* at Pg. ID 12763.) Furthermore, the claim "continued to be

11

objectively unreasonable even after [Plaintiff] belatedly identified two registrations," because those registrations were unrelated to the code at issue. (*Id.*)

Plaintiff, however, argues that its pre-filing investigation was not only adequate but vindicated because discovery confirmed that Defendant was using its software without a license. (Response, Doc. 137, Pg. ID 12792.) And, Plaintiff maintains that its claim was objectively reasonable because, at bottom, Plaintiff owns the "exclusive, worldwide licensing rights" for the code. (*Id.* at Pg. ID 12790.) Essentially, Plaintiff paints the issue of the copyright registration as an "evidentiary issue," but reiterates that its position was still reasonable, even if the Court disagreed with it. (*Id.*) But, Defendant states that Plaintiff's argument "misses the point," because Plaintiff fails to mention any investigation into the applicability of the two copyright registrations it provided. (Reply, Doc. 138, Pg. ID 12801.) According to Defendant, if Plaintiff's investigation before filing suit had been adequate, then Plaintiff would have known that the two registrations did not apply to the product at issue. (*Id.*) Instead, Plaintiff pursued the claim, insisting in response to Defendant's Motion to Dismiss that they covered the copyright in this case when, "in truth, [Plaintiff] had no idea" what they covered. (*Id.*) Furthermore, Defendant reiterates that Plaintiff only owns limited exclusive rights in the software; Defendant's use of the software falls outside the scope of those rights. (*Id.* at Pg. ID 12803.) So, even if Plaintiff could produce a copyright registration that applies, the claim still fails. *Id.* In other words, summary judgment against Plaintiff was based on more than a mere evidentiary issue. (*Id.*) Accordingly, Defendant maintains that Plaintiff's claim was objectively unreasonable.

The Court agrees with Defendant. "Claims under the Copyright Act are objectively unreasonable if they are clearly without merit or otherwise patently devoid of legal or factual basis." *Ducks Unlimited, Inc. v. Boondux, LLC*, No. 2:14-CV-2885, 2018 WL 1249912, at *4 (W.D. Tenn. Mar. 9, 2018) (collecting cases) (cleaned up). Indeed, the Sixth Circuit has affirmed an award of fees where, as here, the plaintiff "filed a complaint with no genuine idea as to whether a claim existed and, in failing to obtain the deposit materials, had exhibited a general indifference to the merits of the claim." *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 F. App'x 509, 513 (6th Cir. 2008) (cleaned up). And, judges within this district have reached a similar conclusion. *See Compass Homes, Inc. v. Heritage Custom Homes, LLC*, No. 2:13-CV-779, 2015 WL 4639654, at *5-6 (S.D. Ohio Aug. 3, 2015). In fact, in *Compass Homes*, the court awarded fees and found that the copyright claim was objectively unreasonable when the plaintiff pursued it for over a year without having the certificate of registration for the copyrights at issue. *Id.* Plaintiff has done the same here, pursuing its copyright claim for *years* without presenting to the Court an applicable registration. This alone is enough for the Court to find the claim objectively unreasonable. While this factor weighs heavily in favor of awarding attorneys' fees, the Court must still examine other factors.

### b. Motivation

Defendant next argues that Plaintiff's pursuit of its futile copyright claim indicates improper motives. (Motion, Doc. 136, Pg. ID 12763-64.) In support of this argument, Defendant points to *Bridgeport I*, where the Sixth Circuit found that, while the plaintiff "did not act irresponsibly by pursuing its claim at the outset, it did so when it became

fruitless in a practical sense to continue." (*Id.* at Pg. ID 12763 (quoting *Bridgeport I*, 376 F.3d at 594 (cleaned up)).) And, "a party's litigation tactics may weigh in favor of an award of fees when the conduct supports an inference concerning motivation." (*Id.* (quoting *Bridgeport I*, 376 F.3d at 628).) Accordingly, Defendant concludes, "in forcing the additional, fruitless expenditure of efforts and fees, [Plaintiff's] motive must certainly have been retribution, and/or an effort to extract settlement dollars without any basis for doing so," once it became clear that the registration did not exist. (*Id.* at Pg. ID 12764 (quoting *Bridgeport II*, 520 F.3d at 592).)

Plaintiff disputes this claim, however, by asserting that it "filed this litigation to protect its 20+ year investment" in its software. (Response, Doc. 137, Pg. ID 12792.) And, indeed, Plaintiff "uncovered extensive violative conduct" by Defendant through this case. (*Id.*) Meanwhile, Plaintiff states, Defendant "engaged in a long running scheme to use [the software] to develop its own" products without obtaining the appropriate licenses from Plaintiff. (*Id.*) Accordingly, Plaintiff maintains that its motives were proper. (*Id.*)

However, the Court agrees with Defendant relative to the copyright claim. Without providing a necessary component of a claim under the Copyright Act, that is, a registration, Plaintiff's motives in continuing to pursue this claim are seemingly improper. Just as the Sixth Circuit noted in *Bridgeport I*, although the pursuit of the claim was not initially fruitless, it soon became clear that Plaintiff would not be able to present the Court with a registration applicable to the software at issue. *See* 376 F.3d at 594. Yet, Plaintiff continued to pursue this claim through the dispositive motion stage. While there

14

is no direct evidence of suspect motivation here, courts may look for evidence on the record that "supports an inference of an underlying questionable motive." *Bliss Collection*, 2022 WL 1154600, at *6. The "pressing of a futile claim" implies that Plaintiff's motives were not proper. *Bridgeport II*, 520 F.3d at 593. Thus, this factor, too, weighs in favor of an award of attorneys' fees.

### c. Deterrence

The final factor, deterrence, is "inextricably intertwined with the reasonableness or frivolousness of the parties' positions and their motivations in litigating the dispute." *Ducks Unlimited*, 2018 WL 1249912, at *6. Indeed, the point of this factor is to weigh the strength of the parties' cases, as "[p]arties with strong positions are encouraged to stand on their rights, given the likelihood that they will recover fees from the losing (*i.e.* unreasonable) party; those with weak ones are deterred by the likelihood of having to pay two sets of fees." *Kirtsaeng*, 579 U.S. at 198. Defendant maintains that a fee award here would "appropriately deter [Plaintiff] (and others) from asserting baseless copyright claims in the future—against third parties, who, unlike [Defendant], lack the resolve and resources to defend themselves." (Motion, Doc. 136, Pg. ID 12764.) And, in fact, Defendant argues that this concern is not "speculative," as Plaintiff already engaged in litigation with another party and received a settlement from a "baseless" copyright claim related to the same software at issue here. (*Id.*) Defendant notes that, as part of discovery, it learned about some of the other copyright claims brought by Plaintiff, and that one of Plaintiff's executives stated that at least one of the claims "involved exactly the same thing as this case." (*Id.* (quoting Bish Dep., Doc. 54, Pg. ID 192-93).)

15

Plaintiff disputes these assertions, stating that a fee award will not deter them from bringing claims that protect its "intellectual property, copyrights, and trade secrets rights and interests" in the software. (Response, Doc. 137, Pg. ID 12795.) As Plaintiff argues, the Court did not determine that Plaintiff's claims were baseless, just that it needs a "different evidentiary basis to pursue copyright infringement claims" related to this software. (*Id.*) And, accordingly, Plaintiff will continue to pursue those claims but will find a new way to address the evidentiary issue that was fatal in this case. (*Id.*) Nevertheless, the Court finds that pursuing a claim under the Copyright Act without possessing a registration, an element of the claim, specifically deserves deterrence. As the Sixth Circuit stated, "[i]t is not the deterrence of objectively reasonable good faith claims, but the interest in motivating plaintiffs to sort through the objectively unreasonable ones." *Bridgeport Music, Inc. v. Dimension Films*, 410 F.3d 792, 809 (6th Cir. 2005). Thus, the Court agrees that Plaintiff has an interest in claims intended to protect its intellectual property; yet, an award here aims to deter claims such as this one that were objectively unreasonable. Deterrence, therefore, also points toward an award of attorneys' fees.

*     *     *

In sum, the *Fogerty* factors all favor an award of attorneys' fees for Defendant, especially given the objective reasonableness factor, which is the most significant one to consider. The Court thus finds that Defendant is entitled to such an award.

### d. Estimated Amount of Fees

The Court's analysis is not quite finished, though. As part of its Motion, Defendant was required to provide a fair estimate to the Court of the fees and costs it seeks. Fed. R.

16

Civ. P. 54(d)(2)(B), Notes of Advisory Committee on Rules—1993 Amendment. Defendant maintains that it has acquired $6.8 million in attorneys' fees to investigate and defend itself against this lawsuit. (Motion, Doc. 136, Pg. ID 12752.) To do so, Defendant hired specialized counsel from outside of this district; yet, Defendant, in coming to its estimate, reduced the hourly rate of its attorneys to fall within the high end of the Cincinnati market. (*Id.* at Pg. ID 12767-68.) This resulted in a total of $4.6 million in fees, a reduction of over $2 million. (*Id.* at Pg. ID 12768.) And, as Defendant only seeks an award of fees and costs associated with the copyright claim, it also made an attempt to apportion the time spent defending that specific claim. (*Id.* at Pg. ID 12769.) Since only two claims remained after the Motion to Dismiss, Defendant cut the $4.6 million amount in half to account for the copyright claim; thus, Defendant seeks an award of about $2.3 million. (*Id.*)

Plaintiff, though, argues that this amount is unreasonable and equals five times more than what Plaintiff spent in litigating this case. (Response, Doc. 137, Pg. ID 12796-97.) However, Plaintiff also notes that it is not required to respond to Defendant's estimate at this time. (*Id.*) Indeed, the estimate requirement is only to put the paying party on notice of what the moving party may seek. *See* Fed. R. Civ. P. 54(d)(2)(B), Notes of Advisory Committee on Rules—1993 Amendment. And, to that point, Defendant reiterates in its Reply that the question now is merely "one of liability." (Reply, Doc. 138, Pg. ID 12805.) The Court has determined that Plaintiff is liable to Defendant for an award of attorneys' fees. The parties will have the opportunity to litigate the actual amount in line with the briefing schedule ordered below.

17

## CONCLUSION

Accordingly, the Court finds that Defendant is entitled attorneys' fees and an award of its Bill of Costs. For the foregoing reasons, the Court **ORDERS** the following:

1.  The stay in this matter **SHALL BE LIFTED**;

2.  Plaintiff's Objections to Defendant's Bill of Costs (Doc. 125) are **OVERRULED**;

3.  Costs against Plaintiff are **TAXED** in the amount of $59,071.30;

4.  Defendant's Motion for Attorneys' Fees (Doc. 128) is **DENIED AS MOOT**;

5.  Defendant's Renewed Motion for Attorneys' Fees (Doc. 136) is **GRANTED**;

6.  Defendant **SHALL SUBMIT** evidence establishing the exact amount of attorneys' fees to be awarded within thirty (30) days of this Order;

7.  Plaintiff **SHALL FILE** any response to Defendant's requested attorneys' fee amount within thirty (30) days of Defendant's submission; and

8.  Defendant **SHALL FILE** any reply in support of its request within twenty-one (21) days of Plaintiff's submission.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND

18